[No. 2036.]

### George Williams v. The State.

1. Burden of Proof — Confessions.— A witness for the State, who on the stand testified to certain confessions made to him by the accused, testified that such confessions were made on the day that the accused was arrested, but that he was unable to affirm that they were made before or after the arrest. It is contended on behalf of the appellant that before the confessions could be received in evidence it devolved upon the State to show that they were made under circumstances which rendered them admissible. *Held,*

that the converse is the true rule, the burden resting upon the defense to establish the incompetency of the confession, if, upon its face, it does not appear incompetent.

2. OWNERSHIP — CONSENT.— If the ownership of property alleged to be stolen is laid in two different persons, the want of the consent of both to the taking must be alleged and proved. The ownership being alleged to be in a firm composed of M. & A., the consent of both members of the firm was negatived by the allegation that it was taken without the consent of the "owner."

3. SAME.— CIRCUMSTANTIAL EVIDENCE cannot in this State be resorted to in order to support an issuable fact, when it appears that primary evidence of the fact existed, and its non-production is not accounted for. But to avail an appellant in this court, it must appear by proper bill that such circumstantial evidence was objected to when tendered on the trial.

4. SAME — CHARGE OF THE COURT.— The trial judge charged, in a theft case, that the jury should convict if they found that the property was the property of the alleged owners or "either of them." *Held*, error, but immaterial in view of the proof, and of the failure of the defense to interpose objection at the proper time.

5. INFORMATION.— ARREST OF JUDGMENT is a remedy against an indictment or information only for substantial defects, and will not reach mere defects of form. See this case in illustration.

APPEAL from the County Court of Navarro. Tried below before the Hon. J. H. Rice, County Judge.

The conviction in this case was for the theft of a pair of pants, of the value of $7, the property of Mallory & Allen, a firm composed of S. T. Mallory and Jacob Allen, in Navarro county, Texas, on the 1st day of December, 1882. The punishment assessed by the jury was a fine of $10, and confinement in the county jail for the period of one day.

T. E. Triplett was the first witness for the State. He testified that in December, 1882, he was in the employ of Messrs. Mallory & Allen, merchants, in Navarro county, Texas. The witness knew nothing of the theft of the pants until he saw them in the possession of a negro named Cal Williams. He thereupon suspected the defendant of the theft and had him arrested. When witness first taxed the defendant with the theft of the pants, defendant admitted that he took them, and said that he did not know why he did so. The pants were the property of the firm of Mallory & Allen, which firm was composed of Messrs. S. T. Mallory and Jacob Allen. Defendant served that firm as porter, and had ample opportunity to abstract the pants while the witness and other clerks were engaged elsewhere in the store. The pants were worth about $8. They were taken without the consent of the witness.

Cross-examined, the witness stated that he did not see the defend-

ant take the pants, nor did he ever see him in possession of them. S. T. Mallory resided in Waco, Texas. The confession testified to by witness was made by defendant on the day of his arrest, but witness was unable to say whether before or after the arrest was made. Jacob Allen was present when defendant made the confession.

Jacob Allen testified, for the State, that he was a member of the mercantile firm of Mallory & Allen, doing business in Corsicana, Texas, in December, 1882. He recognized the pants alleged to have been stolen by the defendant as a part of the stock owned by the firm of Mallory & Allen. Witness was present with Mr. Triplett and heard defendant admit that he took the pants. The pants were taken without the consent of the witness, and without the consent of his partner, Mr. S. T. Mallory, who was then living in Waco, McLennan county, Texas. Defendant, when the theft occurred, was in the employ of Mallory & Allen, as porter, and cleaned up the store daily. He had many opportunities to steal goods, while serving the firm in that capacity. Witness managed and had control of the business of Mallory & Allen, in Corsicana, Texas.

Cross-examined, the witness testified that his reason for knowing that Mallory did not consent to the taking of the pants was that Mallory, according to his recollection, had not been in Corsicana for five months prior to the theft. Witness could not say that defendant did not communicate with Mallory and obtain his consent to take the pants. The State closed.

County attorney J. J. McClellan testified, for the State, that he had never had a subpœna issued for S. T. Mallory to appear and testify in this case, because he did not consider his testimony essential to a conviction.

The defense next introduced in evidence all of the subpœnas for witnesses in the case, to show that S. T. Mallory had never been summoned by the State to testify.

*Beale & Autry*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. In this case the conviction is founded mainly upon the confession of the defendant, which confession was proved over his objection that the same was made while he was in the custody of an officer, and was not such a confession as is admissible under the provisions of our Code. (Code Crim. Proc., arts. 749, 750.) It was stated by the witness who detailed the confession that it was

made by the defendant on the same day that defendant was arrested, but whether made before or after such arrest the witness could not state. No other evidence was adduced as to the circumstances under which the confession was made.

It is contended by counsel for appellant that before the confession could be competent evidence, it devolved upon the prosecution to prove that it was made under circumstances which rendered it admissible; that is, that it was voluntarily and freely made, without compulsion or persuasion, and at a time when the defendant was not under arrest. There is much plausibility in this position, but we think the rule of the law is to the contrary. Mr. Wharton says: "If the confession is on its face voluntary, the burden is on the defendant to show it incompetent." (Whart. Cr. Ev., § 689.) This is the rule laid down also by Mr. Roscoe. (Roscoe's Ev., 7th ed., p. 54. See, also, 1 Greenl. Ev., § 219, note 4.) We think the burden rested upon the defendant to show that at the time he made the confession he was under arrest, and not having shown that such was the fact, the court did not err in admitting proof of the confession. The rule that the burden of proof rests upon the State to prove the guilt of the defendant has no application to this question.

Appellant's proposition that where ownership is alleged in two persons the want of consent of both to the taking must be alleged and proven is unquestionably correct. (*McIntosh* v. *The State*, 18 Texas Ct. App., 285.) We think this requirement was sufficiently fulfilled in this case. Ownership of the property was alleged to be in the firm of Mallory & Allen, composed of S. T. Mallory and Jacob Allen. It was alleged that the property was taken without the consent of the *owner*. It would have been correct to have written *owners*, but, as it is, the word *owner* is critically correct when applied to the firm, and embraces each member of the firm. As to proof of want of consent of both owners, Mallory testified that he did not consent to the taking of the property, and he also testified to circumstances which satisfactorily proved that Allen, the other member of the firm, did not consent to the taking. This circumstantial evidence as to the want of consent of Allen was not objected to by the defendant when offered, and no motion was made by him to exclude it. Having been admitted without objection, the defendant cannot be heard to complain that there was better evidence in existence and within reach of the prosecution by which Allen's want of consent should have been proved, to wit, Allen himself. We have in several cases held that circumstantial evidence to prove a fact could not be resorted to where it appeared

that there was direct evidence in existence, and no sufficient reason was shown for its non-production. (*Miller* v. *The State*, 18 Texas Ct. App., 38, and cases there cited.) In all of these cases, however, the objection to the introduction of the inferior evidence was made at the time the same was offered, and its admission was excepted to. It does not appear, however, in the reports of the cases, that such objection was made and exception taken, and hence the opinions have been misunderstood as holding, as stated in appellant's brief, that " circumstantial evidence will not support a verdict, where it appears that direct evidence was attainable." We have never held that a verdict based upon circumstantial evidence, which evidence was admitted without objection on the part of the defendant, would not support a verdict.

The court erroneously charged the jury that if they found that the property was the property of S. T. Mallory and Jacob Allen, *or either of them*, etc., they should convict. No exception to this charge was taken at the time of the trial. We regard the error complained of as immaterial. It could not have prejudiced the rights of the defendant, because the proof was conclusive that the property was the joint property of Mallory and Allen.

There are two complaints in the record, both filed on the same day — one charging the defendant with the theft of a *vest*, and the other charging him with the theft of *pants*. The former has the file number 746 upon it, and the latter has the file number 747 upon it. The information upon which the trial and conviction were had charges the defendant with the theft of pants, and bears the file number 746, corresponding with the complaint which charges the theft of a *vest*. This discrepancy in the file numbers of these papers was not called to the attention of the court until after conviction, when it was sought to be availed of by a motion in arrest of judgment. Such objection cannot be availed of by motion in arrest of judgment. It was a mere defect of form, and it is only for a substantial defect in the indictment or information that a motion in arrest of judgment can be maintained. (Code Crim. Proc., art. 787.)

We find no error in the record for which the judgment should be reversed, and it is affirmed.

*Affirmed.*

[Opinion delivered November 7, 1885.]